**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANUBE LOGISTICS USA, INC, a Texas corporation, as assignee of BYD AMERICA, LLC,

Plaintiff,

CASE NO.: 3:25-cv-923-MMH-PDB

vs.

LYNNHURST LOGISTICS, LLC, a Minnesota limited liability company and AMERICA 1 LOGISTICS, LLC, a Florida limited liability company,

Defendants.

______________________________________

**DEFENDANT LYNNHURST LOGISTICS, LLC's DISCLOSURE STATEMENT UNDER RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03**

1. Is the filer a non-governmental corporate party or non-governmental corporation moving to intervene?

☐ No.

☒ Yes, and

☒ These parent corporations and publicly held corporations own 10% or more of the filer's shares:

**A. Universal Transportation Services, LLC (parent)**

☐ The filer has no parent corporation.

☐ No publicly held corporation owns 10% or more of the filer's shares.

2. Is the court's jurisdiction based on either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1332(d)?

☐ No.

☒ Yes[1], and this is the name and citizenship of each person or entity whose citizenship is attributed to the filer:

**Diversity was an alternative basis of removal of this action. Defendant Lynnhurst is a Minnesota limited liability company, whose sole member and owner is Universal Transportation Services, LLC, another Minnesota limited liability company. Universal Transportation Services, LLC's sole member and owner is Container Co., a corporation registered under the laws of the State of Minnesota with its principal place of business located in the State of Minnesota.**

a. Is the court's jurisdiction based on 28 U.S.C. § 1332(a) and the filer a limited liability company or other unincorporated entity?

☐ No.

☒ Yes, and the filer has identified each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on.

b. Is the court's jurisdiction based on 28 U.S.C. § 1332(d) and the filer a limited liability company or other unincorporated entity?

☒ No.

☐ Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(d)(10).

[1] Defendant Lynnhurt's removal was based primarily on federal question jurisdiction, but diversity was alleged as an alternative basis for removal.

c. Is the filer an insurer?

☒ No.

☐ Yes, and the filer has identified citizenship in accord with § 1332(c)(1).

d. Is the filer a legal representative?

☒ No.

☐ Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(2).

e. Has the filer identified any corporation?

☐ No.

☒ Yes, and for each, the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(1).

f. Has the filer identified any natural person?

☒ No.

☐ Yes, and for each, the filer has identified citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.

3. Is there any other person or entity that has or might have an interest in the outcome of the action, including any interested or potentially interested lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity?

☐ No.

☒ Yes. These additional persons and entities have or might have an interest in the outcome of the action:

**A. Universal Transportation Services, LLC (parent)**

**B. Container Co. (grandparent)**

4. Might the outcome of this action affect any entity, not yet identified, with publicly traded shares or debt?

☒ No.

☐ Yes, and this is the entity: [].

5. Is this a bankruptcy action?

☒ No.

☐ Yes, and the debtor is [].

☐ Yes, and the members of the creditors' committee are [].

6. Is this a criminal case?

☒ No.

☐ Yes, and these persons are arguably eligible for restitution: [].

7. Is there an additional entity likely to actively participate in this action?

☒ No.

☐ Yes, and this is the entity: [].

8. Does the filer certify that, except as disclosed, the filer is unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and the filer will immediately notify the judge in writing within fourteen days after the filer knows of a conflict?

☒ Yes.

Dated: August 20, 2025

/s/ *L. Johnson Sarber, III*
L. Johnson Sarber, III
Florida Bar No. 0104116
CARR ALLISON
Truist Tower
200 West Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: jsarber@carrallison.com
Secondary Email: asparks@carrallison.com
*Attorneys for Defendant Lynnhurst Logistics, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice of electronic filing and a copy of the foregoing to the following:

Theodore J. Hamilton
Benjamin J. Kanoski
WETHERINGTON HAMILTON, P.A.
812 W. Dr. MLK, Jr Blvd, Suite 101
Tampa, Florida 33603
Primary: tjhpleadings@whhlaw.com
Email: bjkpleadings@whhlaw.com
*Attorneys for Plaintiff*

Erica Conklin Baines
HUSCH BLACKWELL, LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Primary: erica.baines@huschblackwell.com
Email:leah.larsonpayant@huschblackwell.com
*Attorneys for Defendant America 1 Logistics*

/s/ *L. Johnson Sarber, III*
L. Johnson Sarber, III
Florida Bar No. 0104116
*Attorneys for Defendant Lynnhurst Logistics, LLC*